# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL TYRONE BULL, CDCR #J-45987,<br><br>                             Plaintiff,<br><br>vs.<br><br>LARRY SMALL; T. OCHOA; T. BOREN; HURTADO,<br><br>                             Defendants. | Civil No.   11cv0009 DMS (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

///

**I.     MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows he has insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281

1  F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal
2  of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available.").
3        Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and
4  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350
5  balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court
6  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

7  **II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

8        The PLRA's amendments to 28 U.S.C. § 1915 also obligate the Court to review
9  complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated
10 or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for,
11 violations of criminal law or the terms or conditions of parole, probation, pretrial release, or
12 diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B)
13 and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil
14 action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail
15 to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C.
16 §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
17 (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

18       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
19 dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28
20 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
21 make and rule on its own motion to dismiss before directing that the Complaint be served by the
22 U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,
23 but requires a district court to dismiss an in forma pauperis complaint that fails to state a
24 claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
25 § 1915A).

26       "[W]hen determining whether a complaint states a claim, a court must accept as true all
27 allegations of material fact and must construe those facts in the light most favorable to the
28 plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

1  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even
2  presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon
3  which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at
4  1126-27; *Resnick*, 213 F.3d at 446, n.1.

### A.    42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B.    Property Claims

Plaintiff claims that prison officials have unlawfully confiscated and destroyed his personal property. (Compl. at 4-5.) Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the taking of his property are not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

### III.    CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.    The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and

1  forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in
2  accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY
3  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4      3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
5  Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,
6  Sacramento, California, 94283-0001.

7      **IT IS FURTHER ORDERED** that:

8      4.    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
9  upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).
10 However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is
11 filed in which to file a First Amended Complaint which cures all the deficiencies of pleading
12 noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his
13 previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-
14 alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,
15 567 (9th Cir. 1987).

16     Further, Plaintiff is cautioned that should he elect not to amend, or if his Amended
17 Complaint still fails to state a claim upon which relief may be granted, the dismissal of this
18 action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See*
19 *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

21 DATED:  February 17, 2011

23                 HON. DANA M. SABRAW
                  United States District Judge