# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL TYRONE BULL, CDCR #J-45987,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>LARRY SMALL, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　11-0009 DMS (WMc)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND**<br><br>**(ECF No. 11)** |

**I.　PROCEDURAL HISTORY**

Emmanuel Tyrone Bull ("Plaintiff"), currently incarcerated at Calipatria State Prison ("CAL") in Calipatria, California, is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On February 17, 2011, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Feb. 17, 2011 Order (ECF No. 3). Plaintiff was granted 45 days leave, however, to amend his pleading. *Id.* at 5; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)

///

1  ("[A] district court should grant leave to amend even if no request to amend the pleading was
2  made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)
3  After receiving an extension of time, Plaintiff submitted his First Amended Complaint;
4  but it too failed to state a claim and was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) &
5  1915A(b) on October 12, 2011 (ECF No. 10). Plaintiff was again granted forty-five days leave
6  to amend, but on November 28, 2011, he filed another Motion requesting an additional thirty-day
7  extension of time (ECF No. 11). Plaintiff claims he has limited access to the Facility A Law
8  Library at CAL and thus, requests additional time in which to conduct the research necessary to
9  amend his pleading. (*Id.* at 1-2.)

## II. STANDARD OF REVIEW

While this is Plaintiff's second request for an extension of time, he is still incarcerated and proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements."). Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

## III. CONCLUSION AND ORDER

Accordingly, the Court hereby:

1) **GRANTS** Plaintiff's Motion for Extension of Time (ECF No. 11). Plaintiff's Second Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, January 9, 2012**. Moreover, Plaintiff is cautioned that his Second Amended Complaint must address the deficiencies of pleading previously identified in both the Court's February 17, 2011 and October 12, 2011 Orders (ECF Nos. 3, 10), and must be complete in
///

1 | itself without reference to his previous pleadings.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

2) **IT IS FURTHER ORDERED** that should Plaintiff elect *not* to file a Second Amended Complaint by January 9, 2012, this case shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) without further Order of the Court.

DATED:  December 6, 2011

_____
HON. DANA M. SABRAW
United States District Judge