1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  EMMANUEL TYRONE BULL,<br>12  CDCR #J-45987, | Civil No.    11-0009 DMS (WMc) |
| 13                          Plaintiff, | **ORDER GRANTING PLAINTIFF'S**<br>**MOTION FOR EXTENSION** |
| 14            vs. | **OF TIME TO AMEND** |
| 15  LARRY SMALL, et al., | **(ECF No. 13)** |
| 16 | |
| 17                          Defendants. | |

18  **I.      PROCEDURAL HISTORY**

19          Emmanuel Tyrone Bull ("Plaintiff"), currently incarcerated at Calipatria State Prison

20  ("CAL") in Calipatria, California, is proceeding pro se in this civil action filed pursuant to 42

21  U.S.C. § 1983.  At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee

22  mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed   *In Forma Pauperis*

23  ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

24          On February 17, 2011, the Court granted Plaintiff's IFP Motion, but dismissed his

25  Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See*

26  Feb. 17, 2011 Order (ECF No. 3).  Plaintiff was granted 45 days leave, however, to amend his

27  pleading.  *Id.* at 5; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)

28  / / /

1  ("[A] district court should grant leave to amend even if no request to amend the pleading was

2  made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)

3      After receiving an extension of time, Plaintiff submitted his First Amended Complaint;

4  but it too failed to state a claim and was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) &

5  1915A(b) on October 12, 2011 (ECF No. 10).  Plaintiff was again granted forty-five days leave

6  to amend, but on November 28, 2011, he filed another Motion requesting an additional thirty-day

7  extension of time (ECF No. 11).  Plaintiff claims he has limited access to the Facility A Law

8  Library at CAL and thus, requests additional time in which to conduct the research necessary to

9  amend his pleading.  (*Id.* at 1-2.)

10  **II.   STANDARD OF REVIEW**

11      While this is Plaintiff's second request for an extension of time, he is still incarcerated

12  and proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

13  Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on

14  the merits of their claim due to ... technical procedural requirements.").  Thus, the Court finds

15  good cause to grant Plaintiff's request.  "'Strict time limits ... ought not to be insisted upon'

16  where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance

17  with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino

18  v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th

19  Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as

20  untimely where mere 30-day delay was result of prison-wide lockdown).

21  **III.   CONCLUSION AND ORDER**

22      Accordingly, the Court hereby:

23      1)   **GRANTS** Plaintiff's Motion for Extension of Time (ECF No. 13).  Plaintiff's

24  Second Amended Complaint, should he elect to file one, must be received by the Court no later

25  than **Monday, April 9, 2012**.  Moreover, Plaintiff is cautioned that his Second Amended

26  Complaint must address the deficiencies of pleading previously identified in both the Court's

27  February 17, 2011 and October 12, 2011 Orders (ECF Nos. 3, 10), and must be complete in

28  / / /

1  itself without reference to his previous pleadings.     *See* S.D. CAL. CIVLR 15.1; *Hal Roach*

2  *Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

3       2)    **IT IS FURTHER ORDERED** that should Plaintiff elect *not* to file a Second

4  Amended Complaint by April 9, 2012, this case shall remain dismissed for failure to state a

5  claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) without further Order of the Court.

6

7  DATED:  February 10, 2012

8  _____

9  HON. DANA M. SABRAW
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28